UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
KRISTA McGOWAN,

                    Plaintiff,

        -against-                          MEMORANDUM AND DECISION
                                           09-CV-0040 (JS)(WDW)
ANANAS SPA EAST, LLC, and RENATTA
PETAKA,

                    Defendants.
----------------------------------X
Appearances:
For Plaintiff:      Saul D. Zabell, Esq.
                    Zabell & Associates, P.C.
                    4875 Sunrise Highway, Suite 300
                    Bohemia, NY 11716

For Defendants:     Victor Mevorah, Esq.
                    Victor Mevorah, P.C.
                    100 Garden City Plaza, Suite 400
                    Garden City, NY 11530


SEYBERT, District Judge:

        On January 6, 2009, Plaintiff filed suit against

Defendants alleging pregnancy discrimination in violation of Title

VII and the New York Human Rights Law.  On July 2, 2009, Defendants

moved for summary judgment.[1]  Because Defendants' initial summary

judgment papers failed to comply with FED. R. CIV. P. 5.2, the Court

denied this motion without prejudice on July 10, 2009.  Defendants

---

[1] Defendants' counsel seems confused about certain elementary
principles of federal practice.  Twice now, Defendants have filed a
"Motion to Dismiss" under FED. R. CIV. P. 56.  A motion to dismiss is
filed under FED. R. CIV. P. 12, not FED. R. CIV. P. 56, while a Rule 56
motion is called a "motion for summary judgment," not a "motion to
dismiss."  Because the standards for deciding motions to dismiss
significantly differ from those used to decide summary judgment
motions, the Court has scrutinized Defendants' motion papers to
determine what, exactly, Defendants intended to file.  Because these
papers rely heavily on extrinsic evidence to refute Plaintiff's
claims, the Court construes Defendant's motion as one for summary
judgment under Rule 56.

re-filed it on July 15, 2009.

For the foregoing reasons, the Court holds Defendants' motion in abeyance until the completion of discovery and supplemental briefing.

## DISCUSSION

Defendants argue that they are entitled to summary judgment because Defendant Ananas Spa East, LLC was not a covered "employer" within Title VII's meaning, as it never had 15 or more employees "for each working day in each of twenty or more calender weeks in the current or preceding calender year." 42 U.S.C. § 2000e(b). In support, Defendants have submitted payroll records establishing that Ananas Spa never had 15 formal employees for a twenty week period during 2008 or 2007 (the relevant time frame), and an affidavit from Defendant Renatta Petaka setting forth facts showing that Ananas Spa did not exercise sufficient control over its independent contractors to render them "employees" for Title VII purposes.

In response, Plaintiff apparently does not dispute that Defendants never had 15 or more formal employees for 20 calender weeks in either 2008 or 2007. But Plaintiff argues that Ms. Petaka's affidavit "hardly represents conclusive evidence" that Ananas Spa's independent contractors actually functioned as independent contractors. In this regard, Plaintiff notes that she has yet to depose Defendants' personnel (the depositions were

adjourned on Defendants' request), and that discovery does not close until October 15, 2009.

Plaintiff is somewhat right. Contrary to Plaintiff's suggestion, Ms. Petaka's affidavit, if unrefuted, would constitute sufficient evidence to grant Defendants summary judgment. But Plaintiff is entitled to try to disprove Ms. Petaka's contentions through discovery, which has apparently not been completed. Accordingly, the Court hereby holds Defendants' summary judgment motion in abeyance until the completion of discovery on the numerosity question.

That being said, the Court wishes to remind Plaintiff's counsel that their Rule 11 obligations to not file frivolous pleadings "are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit." See O'Brien v. Alexander, 101 F.3d 1479, 1489 (2d Cir. 1996) (quoting the Advisory Committee's notes); Gambello v. Time Warner Communications, Inc., 186 F. Supp. 2d 209, 229 (E.D.N.Y. 2002). Thus, attorneys have a continuing obligation to monitor the strength of their clients' claims and discontinue representing clients who pursue claims that – although not obviously frivolous at the outset – are entirely unsupported or refuted by the evidence.

This guidance may be relevant in this case. Should Plaintiff take discovery but fail to uncover facts sufficient – under any objective standard – to refute or challenge Defendants' numerosity evidence, Plaintiff's counsel are advised that they should not continue to blindly oppose Defendants' summary judgment motion.

## BRIEFING

The present discovery cut-off date is October 15, 2009. To minimize the expense on Defendants, all discovery <u>not</u> relating to employee numerosity is hereby STAYED pending this Court's ruling on the summary judgment motion. With discovery's focus narrowed, the Court sees no reason why discovery cannot be completed by that date.

Plaintiff shall have until November 2, 2009 to file a supplemental opposition to Defendants' summary judgment motion that incorporates evidence obtained through discovery. Defendants supplemental reply papers, if any, are due November 9, 2009.

<u>CONCLUSION</u>

For the reasons set forth above, Defendants' summary judgment motion is HELD IN ABEYANCE pending discovery and supplemental briefing.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    Central Islip, New York
          September <u>2</u>, 2009